FILED

FEB - 1 2010

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RYAN NOECKER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TOPAZ FINANCIAL SERVICES, INC., SWIFT ROCK FINANCIAL, INC., MESA ROCK FINANCIAL, LLC, DORCAS HOLDEN & DERIN SCOTT a/k/a DEROM SCOTT,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § | SA10CA0081 FB<br>Case Number _____ |

## VERIFIED COMPLAINT & JURY DEMAND

The Plaintiff, Ryan Noecker (Noecker) on behalf of himself and all other similarly situated, sues Topaz Financial Services, Inc. (Topaz), Swift Rock Financial, Inc. (Swfit Rock), Mesa Rock Financial, LLC (Mesa Rock), Dorcas Holden (Holden) and Derin Scott a/k/a Derom Scott (Scott), collectively referred to as Defendants for violating the overtime provision of the Fair Labor Standards Act (FLSA or Act), 29 U.S.C. §§ 207(a)(1) and 15(a)(2). This action is brought pursuant to 29 U.S.C. § 216(b). In support of this verified complaint Noecker states as follows:

**I. Nature of Suit**

1. The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct.

1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. Defendants violated the FLSA by failing to pay employees for all hours worked at the rates required by the FLSA. Defendants failed to pay all overtime wages to at least one-hundred (100) individuals who suffered or were permitted to work for the enterprise over the past three years. The employees were/are known as "credit specialist" working at one of Defendants' locations in San Antonio, Austin or Houston. Defendants failed to pay the class time and half their regular pay for all hours worked over forty for one or more work weeks. The employees labored for an hourly wage.

**II. Parties**

3. Noecker is an individual who resides in Bexar County, Texas and has been employed by Defendants within the meaning of the FLSA. Noecker consents to be a party in this action by signing this verified complaint.

4. Topaz is a domestic corporation that conducts business in among others, Bexar County, Texas. Topaz utilizes the address of 1507 Osprey Ridge Loop, Lago Vista, Texas with the Texas Secretary of State.

5. Swift Rock is a domestic corporation that utilizes the address of 1507 Osprey Ridge Loop, Lago Vista, Texas with the Texas Secretary of State.

2

6. Mesa Rock is a domestic corporation that utilizes the address of 1507 Osprey Ridge Loop, Lago Vista, Texas with the Texas Secretary of State.

7. Holden is an individual who conducts business in Bexar County, Texas. Holden exercised control over Noecker and all similarly situated employees in regards to pay, the number of hours worked and job duties.

8. Scott is an individual who conducts business in Bexar County, Texas. Scott is the moving force behind Defendants. Scott controls Defendants' business operations.

### III. Jurisdiction & Venue

9. This Court has jurisdiction over Defendants, because the Defendants conduct business in Texas.

10. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. § 1331 and the FLSA, 29 U.S.C. § 201, *et seq.*

11. Venue is proper in the Western District of Texas because Noecker resides in Bexar County, Texas and performed labor for Defendants in this District.

### IV. Employer-Employee Relationship

12. The FLSA stretches the meaning of employee to cover some parties who might not qualify as such under a strict application of traditional agency law principles. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992).

13. The definition of employ is broad. *Rutherford Ford Corp. v. McComb*, 331 U.S. 722, 728, 67 S.Ct. 1473, 1476 (1947).

14. In fact, it is clear that the definition of employment as it relates to the FLSA is the broadest definition that has ever been included in one act. *Shultz v. Hinojosa*, 432 F.2d 259, 264 (5th Cir. 1970).

3

15. Employment under the FLSA is as much a matter of circumstance as it is of consensual agreement. A relationship may exist between two parties whether or not either or both of them give it express recognition. *Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508, 512 (5th Cir. 1969).

16. Work not requested but suffered or permitted is work time. 29 C.F.R. § 785.11.

17. Noecker and all similarly situated were required, permitted or allowed to work for Defendants at one of their call centers as a "credit specialist."

18. Defendants controlled and/or were responsible for financial services of their customers.

19. The work of Noecker and all similarly situated was an integrated unit of production under such circumstances that Noecker and all similarly situated workers were employees of Defendants.

20. Noecker and all similarly situated were economically dependent on Defendants.

21. Noecker and all similarly situated suffered or were permitted to work for Defendants, during the past three (3) years, as defined by 29 U.S.C. § 203(g).

22. Defendants are considered the employers of Noecker and all similarly situated as defined by 29 U.S.C. § 203(d).

23. At all material times, Defendants have been an enterprise within the meaning of § 3(r) of the Act.

24. At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of

the Act, in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

25. Noecker and all similarly situated were individually covered by the Act, pursuant to 29 U.S.C. § 202(a), as they provided financial services to customers from approximately 37 states.

26. Defendants provide financial services to customers from approximately 37 states.

27. At all material times, Noecker and all similarly situated were individual employees who were engaged in commerce or in the production of goods for commerce as contemplated by §§ 6 & 7 of the Act.

28. At all material times, Noecker and all similarly situated were individual employees who handled goods and/or utilized the instrumentalities of commerce.

### V. Factual Allegations

29. Defendants provide debt relief services and/or financial services for customers.

30. Defendants failed to keep accurate time records for Noecker and all similarly situated.

31. Defendants' failure to keep accurate records casts the burden on Defendants to disprove the testimony of Noecker and all similarly situated employees regarding the

number of hours they suffered or were permitted to work. See, *Shultz v. Hinojosa*, 432 F.2d 259, 261 (5th Cir. 1970).

32. Defendants, at the very least, had the opportunity through reasonable diligence to acquire knowledge that Noecker and all similarly situated were working off-the clock.

33. Defendants accepted the work of Noecker and all similarly situated employees.

34. Noecker and all similarly situated worked hours over forty in a workweek and were not paid for all hours worked over forty at a rate of one and half their regular rates.

### VI. Collective Action Allegations

35. Noecker and the class members performed the same or similar job duties as one another in that they provided financial services for Defendants at anytime within the past three (3) years without receiving all overtime pursuant to 29 U.S.C. § 207(a)(1). Noecker and the class members were subjected to the same pay provisions in that they suffered or were permitted to work overtime but not paid at the correct rate for all hours worked. Thus, the class members are owed overtime wages for the same reasons as Noecker.

36. Defendants' failure to compensate employees for all overtime wages as required by the FLSA results from a policy or practice of failure to assure correct time keeping records and payment of overtime in accordance to the FLSA. This policy or practice was applicable to Noecker and the class members. Application of this policy or practice does not depend on the personal circumstances of Noecker or those joining this

lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Noecker applies to all class members. Accordingly, the class members are properly defined as: all "credit specialists" who worked for Defendants during anytime within the previous three (3) years of this complaint and who were not paid for all overtime worked at the correct rate pursuant to 29 U.S.C. § 207(a)(1).

37. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay all overtime with respect to Noecker and the class members.

38. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

### VII. Failure to pay wages in accordance with the FLSA

39. During the relevant period, Defendants violated § 7(a)(1), § 11(c) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for all their work at a rate of one and half their regular rate for all hours worked over forty in a workweek. Defendants have acted willfully in failing to pay Noecker and the class members in accordance with the law.

Wherefore, Noecker demands trial by jury, payment of his and all class members overtime wages at the correct rate pursuant to 29 U.S.C. § 207(a)(1), an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and reasonable attorneys' fees and

costs for all time worked by the attorneys of Morgan & Morgan in prosecuting this case pursuant to 29 U.S.C. § 216(b).

Respectfully submitted this 22nd day of January 2010,

Bernard R. Mazaheri
Texas Bar Number 24066628
Morgan & Morgan
20 N. Orange Ave., 16th Floor
Orlando, FL 32801
Telephone - (407)420-1414
Email -BMazaheri@forthepeople.com

I, Ryan Noecker, consent to join this FLSA lawsuit and hereby declare all declarations and/or allegations made in this verified complaint, consisting of eight (8) pages are made under oath and from personal knowledge

Ryan Noecker    1/15/10

State of Texas

County of ___Bexar___

BEFORE ME, the undersigned authority, on this day, personally appeared Ryan Noecker, who being first duly sworn, deposes and says that he has read this verified complaint, knows the contents of same, and to the best of his knowledge and belief, the same are true and correct. Mr. Noecker produced _TXDL #15643141_ as identification.

Sworn and subscribed before me on this __15th__ day of January 2010,

NOTARY PUBLIC

Signature of Person Taking Acknowledgment
Print Name: _Carlos Gonzales_
Title: Notary Public
Serial No. (If any):
Commission Expires: _11-15-2010_

8