IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RYAN NOECKER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>VS.<br><br>TOPAZ FINANCIAL SERVICES, INC., SWIFT ROCK FINANCIAL, INC., MESA ROCK FINANCIAL, LLC, DORCAS HOLDEN & DERIN SCOTT A/K/A DEROM SCOTT<br><br>Defendants. | § § § § § § § § § § § § § § § | CASE NO. SA-10-CA-0081-FB |

## DEFENDANTS' ANSWER

Defendants Topaz Financial Services, Inc. ("Topaz"), Swift Rock Financial, Inc. ("Swift Rock"), Mesa Rock Financial, LLC ("Mesa"), Dorcas Holden ("Holden") and Derin Scott ("Scott") (erroneously sued herein as "A/K/A Derom Scott") (collectively, the "Defendants") file their answer to the Complaint (the "Complaint") of plaintiff Ryan Noecker ("Plaintiff"), and respectfully show the Court as follows:

### I. RESPONSES

1.      Paragraph 1 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2.      Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Plaintiff's residence contained in the first sentence of Paragraph 3 of the Complaint and admit that Noecker was formerly an employee of Topaz. Defendants otherwise deny the remaining allegations of the first sentence of Paragraph 3 of the Complaint. In response to the second sentence of Paragraph 3 of the Complaint, Defendants admit that Plaintiff purports to have signed the verified complaint, but otherwise deny knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of that sentence.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit that Holden is an individual who works in Bexar County, Texas, but otherwise deny the allegations contained in Paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit that they are subject to this Court's personal jurisdiction for this dispute, but Defendants otherwise deny the allegations contained in Paragraph 8 of the Complaint.

10. Defendants admit that this Court has subject matter jurisdiction over Topaz, Swift Rock and Mesa, but deny that the Court can properly exercise subject matter jurisdiction over Scott and Holden since Plaintiff lacks standing to sue either Scott or Holden individually.

11. Defendants admit that venue is proper in this Court.

12. Paragraph 12 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

## II. AFFIRMATIVE DEFENSES

1. The Complaint fails to state any claim upon which relief can be granted against Defendants.

2. This Court may not properly exercise subject matter jurisdiction over Scott or Holden because Plaintiff lacks standing to sue them in this Court.

3. Plaintiff's collective claims are barred, in whole or in part, because those alleged to be similarly situated with Plaintiff are not and were not employees of Topaz, Swift Rock or Mesa

and thus the overtime pay requirements of the Fair Labor Standards Act (the "Act") do not apply.

4. Plaintiff's collective claims are barred, in whole or in part, because Plaintiff is not similarly situated to other alleged employees or contractors of Topaz, Swift Rock or Mesa.

5. Plaintiff's claims are barred, in whole or in part, because Topaz's, Swift Rock's and Mesa's alleged violations of the Act were in good faith, and they had reasonable grounds to believe that their alleged acts were not in violation of the Act.

6. Plaintiff's collective claims are barred, in whole or in part, because of the failure to mitigate damages.

7. Plaintiff's collective claims are barred, in whole or in part, because of laches.

8. Plaintiff's collective claims are barred, in whole or in part, under the applicable statute of limitations.

9. Plaintiff's collective claims are barred, in part, because of release and payment.

Defendants reserve the right to assert additional affirmative defenses as discovery in this case progresses.

WHEREFORE, Defendants request that the Court dismiss Plaintiff's suit, the Plaintiff and those similarly situated with him take nothing by his action, and that Defendants recover all other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Kevin Brown*

Daniel H. Byrne
State Bar No. 03565600
Email: dbyrne@fbhh.com
Kevin W. Brown
State Bar No. 24045222

Email: kbrown@fbhh.com
FRITZ, BYRNE, HEAD & HARRISON, PLLC
98 San Jacinto Boulevard, Suite 2000
Austin, Texas 78701-4288
Telephone: (512) 476-2020
Telecopier: (512) 477-5267

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March, 2010, a true and correct copy of the above and foregoing document was served upon the following parties via email and First-Class U.S. Mail:

Bernard R. Mazaheri
Morgan & Morgan
20 N. Orange Ave., 16th Floor
Orlando, Florida 32801
Bmazaheri@forthepeople.com

_____
Daniel H. Byrne
Kevin W. Brown